# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY A. HARRIS, as Special
Administrator of the Estate of
Edward Harris, deceased,

      **Plaintiff,**

 v.                        Case No. 06-C-0230

DAVID A. CLARKE, JR., Milwaukee County Sheriff
as Administrator of the Milwaukee Country Jail,
MONICA POPE-WRIGHT,
as Health Services Coordinator, and
MILWAUKEE COUNTY,

      **Defendants.**

## DECISION AND ORDER

    This matter is before the Court on the motion of plaintiff Mary A. Harris ("Harris"), as special administrator of the Estate of Edward Harris, deceased, for default judgment and the motion of the defendants David A. Clarke, Jr. ("Clarke"), Monica Pope-Wright ("Pope-Wright") and Milwaukee County ("County") (collectively "the Defendants") to set aside default and for an extension of time to file an answer. In May 25, 2006, decision and order, the Court denied the Defendants' motion for an extension of time to file their answer and Harris's motion for default judgment.

This action, originally filed in the Circuit Court for Milwaukee County, Wisconsin,[1] relates to the medical care provided to Edward Harris ("Edward")[2] between September 29, 2005, and October 14, 2005, while he was a pretrial detainee in the custody of the Milwaukee County Jail ("Jail"). Edward, whom the complaint alleges had been diagnosed and treated with medications for paranoid schizophrenia, congestive heart failure, diabetes and high blood pressure, died on October 14, 2005, of a pulmonary embolism. The complaint alleges a Fourteenth Amendment claim of deliberate indifference to Edward's serious medical needs under 42 U.S.C. § 1983 (first claim), and negligence claims against Clarke (second claim) and against Pope-Wright (third claim).

The Defendants were served with the summons and complaint on January 25, 2006. (Aff. of Christopher Strohbehn ("Strohbehn") Supp. Pl.'s Request to Clerk to Enter Default ("Strohbehn Aff.") ¶¶ 2-4.) On February 23, 2006, the Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and (b), and alternatively, pursuant to 28 U.S.C. § 1441(c). Removal was effected by the Defendants within 30 days of the service of the summons and complaint upon them as required under 28 U.S.C. § 14 46(b).

On March 14, 2006, Harris filed a request with the clerk of court for entry of default and a motion for default judgment. The clerk of court entered default against the Defendants on March 15, 2006. On March 16, 2006, the Defendants filed a motion for an extension of time to file the answer. The Court's May 25, 2006, decision and order denied

---

[1]Harris filed a summons and complaint in the state circuit court.

[2]Though it is the Court's practice to refer to individuals by their surname in written decisions, this decision and order refers to "Edward" by his given name to distinguish him from his wife and the special administrator of his estate.

2

Harris's motion for default judgment and denied the Defendants' motion for an extension of time to file an answer.[3]

Thereafter, Harris filed a second motion for default judgment. The Defendants filed a motion to set aside default and extend time to answer. Such motions are addressed herein.

### *Motion to Set Aside Default and for Enlargement of Time to File an Answer*

Relying upon Rule 55(c) and Rule 6(b)(2) of the Federal Rules of Civil Procedure, the Defendants move the Court to set aside the default and extend the time for them to answer the complaint. The Defendants assert that they have good cause for their failure to file a timely answer, they acted quickly to set aside the default, they have a meritorious defense to Harris's claims, and that Harris will not be prejudiced if the default is set aside. The Defendants request that their proposed answer be filed.

Harris asserts that the Defendants have not shown excusable neglect. She also maintains that the Defendants' defense that "Edwards Harris' death resulted from natural causes" is irrelevant because Harris is not making a claim for wrongful death in this action. (Pl.'s Reply Br. in Supp. Mot. for Default and Resp. Br. in Opp'n Defs.' Mot. to Set Aside Default and Extend Time to Answer at 2.) Harris also states that if the default is set aside she will have to devote additional time and money to litigate this matter, which will prejudice her.

---

[3] A proposed answer was submitted with the Defendants's original motion for extension of time to file an answer. (*See* Docket No. 11, Attach. No. 1.)

3

Harris's motion for default judgment and denied the Defendants' motion for an extension of time to file an answer.[3]

Thereafter, Harris filed a second motion for default judgment. The Defendants filed a motion to set aside default and extend time to answer. Such motions are addressed herein.

### *Motion to Set Aside Default and for Enlargement of Time to File an Answer*

Relying upon Rule 55(c) and Rule 6(b)(2) of the Federal Rules of Civil Procedure, the Defendants move the Court to set aside the default and extend the time for them to answer the complaint. The Defendants assert that they have good cause for their failure to file a timely answer, they acted quickly to set aside the default, they have a meritorious defense to Harris's claims, and that Harris will not be prejudiced if the default is set aside. The Defendants request that their proposed answer be filed.

Harris asserts that the Defendants have not shown excusable neglect. She also maintains that the Defendants' defense that "Edwards Harris' death resulted from natural causes" is irrelevant because Harris is not making a claim for wrongful death in this action. (Pl.'s Reply Br. in Supp. Mot. for Default and Resp. Br. in Opp'n Defs.' Mot. to Set Aside Default and Extend Time to Answer at 2.) Harris also states that if the default is set aside she will have to devote additional time and money to litigate this matter, which will prejudice her.

---

[3] A proposed answer was submitted with the Defendants's original motion for extension of time to file an answer. (*See* Docket No. 11, Attach. No. 1.)

Relief from entry of a default requested prior to the entry of judgment is governed by Fed. R. Civ. P. 55(c). *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994). Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown, the court may set aside an entry of default."

To obtain the vacation of a default order under Rule 55(c), the Defendants must show: "1) good cause for default, 2) prompt action to correct it, and 3) a meritorious defense to the plaintiff's complaint." *O'Brien v. R. J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1495 [7th Cir. 1989]) The "good cause" prong of the test to obtain vacation of a default order "focuses on the litigant's conduct preceding the entry of default." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). The 'willfulness' of the defaulting parties' action should also be considered. *See Anilina Fabrique de Colorants v. Aakash Chem.*, 856 F.2d 873, 879 (7th Cir. 1988); *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675-76 (7th Cir. 1987).

A request to vacate a default judgment is controlled by Rule 60(b). *Pretzel & Stouffer*, 28 F.3d at 45. The same requirements, although more strictly applied, must be met to set aside a final default judgment under Rules 60(b). *O'Brien*, 998 F.2d at 1401 (citing *Di Mucci*, 879 F.2d at 1495.) Although traditionally default judgments were strongly disfavored, courts are moving away from the traditional position. *O'Brien*, 998 F.2d at 1401; *see also, Dimmit & Owens Fin., Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir. 1986). "Excusable neglect" can serve as a basis for the default. *See Robb v. Norfolk & W. R.R. Co.*, 122 F.3d 354,

4

359 (7th Cir. 1997); *Calumet Lumber, Inc. v. Mid-Am. Indus, Inc.*, 103 F.3d 612, 614 (7th Cir. 1997).

Rule 6(b)(2) of the Federal Rules of Civil Procedure allows the Court to exercise its discretion and, for cause shown, and "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." Fed. R. Civ. P. 6(b). Courts should take the burden of showing "excusable neglect" seriously lest parties ignore deadlines with impunity. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 558 (7th Cir. 1996). However, in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court broadly defined "excusable neglect." The court of appeals for this circuit has held that *Pioneer* applies whenever "excusable neglect" appears in the federal procedural rules. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Rule 6(b)(2) gives courts discretion in most situations to forgive missed deadlines by reason of "excusable neglect." *Id*.

The standard for excusable neglect:

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395 (citation omitted).

The Defendants proffer the Declaration of Timothy Karaskiewicz ("Karaskiewicz"), Principal Assistant Corporation Counsel in the Office of the Milwaukee

5

County Corporation Counsel, contending that the circumstances as described in that declaration establish "excusable neglect." The Defendants also proffer the Declaration of Kenneth I. Robbins, M.D., ("Robbins"), who is a board-certified in psychiatry and internal medicine, to support their contention that they have a meritorious defense.

Karaskiewicz's practice is to draft an answer and file a petition for removal at the same time. (Karaskiewicz Decl. ¶ 1.) Karaskiewicz interviewed the Defendants and reviewed documents relevant to the complaint, which they provided at his request. (*Id*. ¶ 2.) He reviewed the applicable defenses and determined that the case should be removed to federal court. (*Id*.)

Karaskiewicz drafted the petition for removal and the answer about ten days before the February 24, 2006,[4] filing date for those documents. (*Id*. ¶ 3.) His work on this case was interrupted by his work on an appeal brief in *Milwaukee County vs. Williams*, Appeal No. 2005-AP-2686 (Wis. Ct. App.), involving complex issues of antitrust and statutory law, which was also due on February 24, 2006. (*Id*. ¶¶ 4,5.) When Karaskiewicz signed the documents for filing the petition for removal, he also mistakenly assumed that the documents included the answer he had drafted. (*Id*. ¶ 6.) Because Karaskiewicz returned his attention to *Williams* he did not check, as had been his usual practice, that the answer had been filed. (*Id*. ¶ 7.) Karaskiewicz first became aware that the answer had not been filed about 3:00 p.m. when he received Harris's motion for default. (*Id*. ¶ 8.) Karaskiewicz then checked his pleading file and the docket sheet in this action and verified that the answer that he had drafted had not been filed. (*Id*. ¶ 9.) He then filed the answer with this Court that afternoon. (*Id*.)

---

[4]The Court's docket for the case indicates that the filing date was February 23, 2006. (*See* Docket No. 1.)

Based on Robbins's review of specified records, disclosing the medical treatment Harris received between September 28, and October 14, 2004, Robbins opines that he "sees no medical evidence to suggest that [Harris] was treated with deliberate indifference during his incarceration at the [Jail] between September 29, 2004, and October 14, 2004." (Robbins Decl. ¶¶ 2, 4-8.) Robbins opines that Harris received appropriate psychiatric care in the jail, and when his psychiatric illness appeared to be causing problems that were endangering his health, he was transferred to the Froedtert Hospital for closer medical attention. (*Id.* ¶ 8.)[5]

The word "neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Robb*, 122 F.3d at 359 (quoting *Pioneer*, 507 U.S. at 388). Here, Karaskiewicz's declaration discloses carelessness due to his preoccupation with another matter. Karaskiewicz had spent time on this case interviewing the defendants and reviewing records. He also had prepared the removal papers and the answer significantly in advance of the filing date.

Although the answer was ready, Karaskiewicz failed to check that it was included with the documents which he signed to effect the removal of this case. Thereafter, he also failed to check the Court's docket to verify that the documents which he intended to file had been filed. Karaskiewicz was negligent when he signed the removal documents without including the answer, and when he did not check the court's docket for verification that all the necessary

---

[5] Robbins states his opinion is based on the materials he has reviewed as of the date of his declaration and it is subject to change if more information becomes available. (Robbins Decl. ¶ 8.)

7

documents had been filed. But, under *Pioneer*, negligence may constitute "excusable neglect."[6] *See Robb*, 122 F.3d at 361.

Karaskiewicz also moved quickly once he received notice of the default. "Quick action" "depends quite clearly on the particular circumstances of the defaulted defendant." *See Phipps*, 39 F.3d at 165. The same day that Karaskiewicz learned that default was entered, he attempted to correct the problem by filing the motion of extension of time to file the Defendants's answer.

The danger of prejudice to Harris is minimal. The fact that Harris will have to try the case on the merits is not enough to establish prejudice. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 2699 (3d ed. 1998). There was only a 15-day delay from the date the answer was due until the date that Harris received the proposed answer and was alerted that the Defendants intend to appear and defend in this action. That delay will not significantly impact on the judicial proceedings.

Despite Karaskiewicz's negligence, his Declaration indicates that he acted in good faith. Counsel had investigated the matter and had prepared the appropriate documents. Once Karaskiewicz became aware of his lapse, he acted quickly (albeit again not procedurally correctly) in an effort to correct the lapse. Thereafter, the Defendants obtained substitute

---

[6] In *Robb*, 122 F.3d 354 (citing Pioneer, 507 U.S. at 387), the court commented: "[w]e need not dwell on our 'excusable neglect' case law prior to 1993, for in that year the Supreme Court resolved the aforementioned circuit split over the meaning and scope of 'excusable neglect,' specifically rejecting the 'narrow' approach taken by this circuit and others." In opposing the contention that the Defendants have established "excusable neglect," Harris relies upon *Connecticut National Mortgage v. Brandstatter*, 897 F.2d 883, 884-85 (7th Cir. 1990), quoted in *Pretzel & Stouffer*, 28 F.3d at 46, that "routine back-office problems . . . do not rank high in the list of excuses for default." But, that viewpoint must be tempered in light of *Pioneer* and the post-*Pioneer* case law of this circuit.

8

counsel who filed appropriate papers with this Court. Thus, the Defendants have established excusable neglect.

The Defendants' answer also sets forth potentially meritorious defenses. *See Phipps*, 39 F.3d at 165 (holding that "meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis.") Based on the Defendants' showing, the entry of default is vacated. Based on their showing of excusable neglect, the Court grants the Defendants' motion for enlargement of time to file their proposed answer. The Clerk of Court shall file the Defendants' proposed answer.

### *Default Judgment*

There remains to be addressed Harris's motion for default judgment and an order that Harris recover damages against the Defendants in an amount to be determined based on proof presented at a hearing on a date set by the Court. Since the motion for default as been vacated, this case is no longer in the proper posture for consideration of a motion for default judgment. Thus, Harris's motion for default judgment is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion for extension of time to file their answer and to set aside default (Docket No. 32) is **GRANTED**;

9

The Clerk of Court **SHALL VACATE** the March 15, 2006, entry of default against the Defendants (Docket No. 11); and,

The Clerk of Court **SHALL** file the Defendants' proposed answer (Docket No. 11, Attach. No. 1).

Harris's motion for default judgment (Docket No. 17) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2006.

                                              **BY THE COURT**

                                              s/ Rudolph T. Randa
                                              **Hon. Rudolph T. Randa**
                                              **Chief Judge**