**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**MARY A. HARRIS, as Special**
**Administrator of the Estate of**
**Edward Harris, deceased,**

                  **Plaintiff,**

  v.                                                                                **Case No. 06-C-0230**

**DAVID A. CLARKE, JR., Milwaukee County Sheriff**
**as Administrator of the Milwaukee Country Jail,**
**MONICA POPE-WRIGHT,**
**as Health Services Coordinator, and**
**MILWAUKEE COUNTY,**

                  **Defendants.**

## DECISION AND ORDER

This matter is before the Court on the motion, and two amended motions of Plaintiff Mary A. Harris ("Harris"), as special administrator of the Estate of Edward Harris, deceased, to amend the scheduling order to allow amendment of the complaint.

This action, originally filed in the Circuit Court for Milwaukee County, Wisconsin, relates to the medical care provided to Edward Harris ("Edward")[1] between September 29, 2005, and October 14, 2005, while he was a pretrial detainee in the custody of the Defendant Milwaukee County Jail ("Jail"). Edward, whom the complaint alleges had been diagnosed and treated with medications for paranoid schizophrenia, congestive heart failure,

---

[1]Though it is the Court's practice to refer to individuals by their surname in written decisions, this decision and order refers to "Edward" by his given name to distinguish him from his wife and the special administrator of his estate.

diabetes and high blood pressure, died on October 14, 2005, of a pulmonary embolism. The complaint alleges a Fourteenth Amendment claim of deliberate indifference to Edward's serious medical needs under 42 U.S.C. § 1983 (first claim), and negligence claims against Defendant David A. Clarke ("Clarke") (second claim) and Defendant Monica Pope-Wright ("Pope-Wright") (third claim).

Harris filed a motion to amend the scheduling order to allow amendment of the complaint, together with a proposed amended complaint adding claims. (Docket No. 41.) Harris requests permission to make claims personally and to add claims for loss of society and companionship (fourth claim) and for negligent infliction of emotional distress (fifth claim). Defendants Clarke, Pope-Wright, and Milwaukee Country (collectively the "Defendants") did not file a response to the motion.

Thereafter, Harris filed a second motion to amend seeking leave to amend the scheduling order to add additional defendants. (Docket No. 51.) The motion encompasses the prior requested amendment and also seeks to add as additional defendants, Gail Syzpaniak, R.N. ("Szypaniak"), who conducted Edward's intake screening, and Roy Troutman, M.D. ("Troutman"), the psychiatrist who treated Edward while he was at the Jail. Additionally the motion seeks to add William Brown ("Brown"), Richard Dickerson ("Dickerson"), and Catherine Trimboli ("Trimboli") who were employed as Milwaukee County Deputy Sheriffs and arrested Edward.

Harris states that through discovery she has obtained additional records regarding Edward's incarceration at the Jail and involvement of certain Milwaukee County employees

2

relative to Edward. Harris has also obtained the Defendants' admission that, upon information and belief, Troutman had notice of Edward's history of schizophrenia and of refusing medications. Harris states that this additional discovery has led counsel to determine that § 1983 claims are proper against the five proposed additional defendants. The proposed amended complaint also adds separate negligence claims against each of the five proposed new defendants.

In responding to the second motion, the Defendants do not object to the Court granting Harris leave to add Harris's loss of society and negligent infliction of emotional distress claims. However, they contend that the records which Harris relies upon in proposing her claims against the five proposed additional defendants is not really a "new discovery," but a new strategy. The Defendants also maintain that they will be unduly prejudiced because adding defendants will require additional pleadings, discovery, and investigation which will greatly increase the expense of this litigation.

Harris filed a reply brief. Contemporaneously, she also filed an amended motion for amendment of the scheduling order to allow amendment of the complaint which amends her March 27, 2007, motion to amend. (Docket No. 64). The latter motion seeks to add as defendants in the action, Ann Dunn ("Dunn") and Sue Singer ("Singer"), both of whom are registered nurses who worked at the Jail and were employed by Milwaukee County. The proposed amended complaint alleges that Dunn and Singer violated § 1983 and includes separate negligence claims against the two additional proposed defendants. The proposed amended complaint includes all prior requested amendments by Harris. (*See* Docket No. 66.)

3

Rule 16(b) of the Federal Rules of Civil Procedure provides that the "schedule shall not be modified except upon a showing of good cause and by leave of the district judge" *United States v. 1948 S. Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001). To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show "good cause." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

If that test is satisfied, then the Court must evaluate the motion under the criteria for amendment of pleadings provided for by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F.Supp. 1213, 1216 (E.D. Wis. 1993).

4

Review of the parties' competing affidavits persuades this Court that Harris has been diligent in her analysis of the materials she obtained through discovery. The identity and extent which to which persons were involved in the relevant circumstances gradually unraveled as discovery has proceeded. Thus, the Court finds Harris has met her burden of showing "good cause" for amendment of the scheduling order.

Furthermore, addressing the factors relevant to amendment of pleadings under Rule 15(a), the Court does not find that Harris has unduly delayed amendment of her complaint. Nor is there any evidence of bad faith or dilatory motive on the part of a movant or repeated failure to cure deficiencies by amendments previously allowed. The prejudice of which the Defendants write is not "undue prejudice." Rather, it is the kind of prejudice which would attend the addition of claims and parties in any action. Increased numbers of parties often increases the costs of litigation. The costs of litigating this action will also be greater for Harris.

Therefore, Harris's motions to amend scheduling order to allow amendments of her complaint are granted. The Clerk of Court is direct to file the amended complaint attached as exhibit 1 to the affidavit of Erin M. Patterson filed on May 7, 2007.

Allowing amendment of the complaint impacts the dates set by the scheduling order. The July 1, 2007, dispositive motion deadline, and the final pretrial conference and trial dates are vacated. The Court will reset those dates when it conducts the July 18, 2007, telephone scheduling conference. By July 13, 2007, the parties are to file a joint report indicating a proposed schedule to govern this action in light of the amendment of the complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Harris's motions to amend scheduling order to allow the amendment of her complaint (Docket Nos. 41, 51, & 64) are **GRANTED**.

2. The Clerk of Court **SHALL** file the amended complaint (Ex 1., Docket No. 66). The July 1, 2007, dispositive motion deadline, and the final pretrial conference and trial dates are **VACATED**.

3. **On or before July 13, 2007**, the parties **SHALL** file a joint report setting forth a proposed schedule to govern this action in light of the amendment of the complaint.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2007.

                          **BY THE COURT**

                          s/ Rudolph T. Randa
                          **Hon. Rudolph T. Randa**
                          **Chief Judge**